## No. 7716.

### R. B. HOLLINGSWORTH vs. DIANA SPANIER.

Where it is affimatively shown that at the time a married woman was authorized by the judge to contract her husband was absent, then the presumption obtains that the judge knew of the absence, and hence validly authorized.

With the authority of her husband or the judge a married woman can bind herself for the benefit of a person other than her husband.

The authority given to a married woman to borrow a sum of money cannot be considered as implying the power to contract for usurious interest.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman, J.*

*T. F. Bell* for plaintiff and appellant.
*Looney & Elstner* for defendant and appellee.

---

T. F. Bell, for plaintiff and appellant, contended :

The incapacity of married women to contract is not absolute. When anthorized by their husbands or by the judge, they are fully as capable as unmarried women or men, and the law makes no difference whatever between them and the latter. The laws which limit their capacity have for their object the maintenance of the marital power on the one hand and the protection of women against the abuse of that power on the other. 2 An. 1 ; 10 An. 433 ; C. C. articles 122, 128.

The statute of 1855, now articles. 126, 127, and 128 C. C., has only the effect of changing the rule of evidence and transferring the burden of proof on the married woman. 26 An. 401 ; 29 An. 123 ; 30 An. 722, 940.

The law will presume that the judge, in authorizing the wife to contract in the absence of the husband, had the proof before him that the husband was absent. " *Omnia præsumuntur rite acta.*" C. C. art. 132 ; 28 An. 233. And the judge need not in his certificate state that the husband was absent.

Defendant herself shows that the loan made to her by plaintiff was not used for the benefit of her husband or the community existing between them, inasmuch as she says that she gave it to her son-in-law, to be used in his business. As she was authorized to contract, and her contract did not inure to her husband's benefit, she is clearly liable.

For the same reason, that she was legally authorized to contract and did contract for the benefit of her husband or the community, she could accept any terms of interest that a *femme sole* could.

The authorization of the judge did not limit her in that respect.

---

Looney & Elstner, for defendant and appellee, contended : .

The loan made to defendant has no validity except such as the order of the judge may have given to it, in authorizing her to borrow.

The absence of the husband should have been made to appear from the order of the judge.

The requisites of the statute of 1855 empowering married women to borrow and mortgage their property were not fulfilled.

Defendant did not borrow and mortgage her property for her own and separate benefit, and that was the only thing which she could be authorized to do under the law of 1855. 29 An. 123.

The opinion of the court was delivered by

WHITE, J. The decision of this cause involves three questions, two of law, one of fact; they are:

' First. Where the wife during the absence of her husband is authorized by the judge to contract an obligation, must the absence of the husband at the time of the authorization appear on the face of the authority, and if not, can it be subsequently proved *aliunde ?*

Second. Is it competent for a wife not separate in property to bind her separate estate or contract an obligation, with the object not of benefiting her husband or the community, but a third person ? If yes, and she be authorized to borrow a given amount, is a contract by which she borrows a sum greater than the amount authorized binding, and if not, is it also not binding where the sum in excess of the amount authorized results from having charged a rate higher than the maximum of conventional interest, and adding this amount to the principal?

Third. What amount, if any, is due on the note sued on ?

1. The power of the wife to contract during the absence of the husband depends on the authority of the judge, and where the judge has authorized, we incline to think, in the absence of all proof, we would be justified, under the rule of *omnia rite*, in presuming that the judge did not act until the absence of the husband was brought to his knowledge, such knowledge being a legal prerequisite to his action. Whether this be true or not, we think that where the proof is affirmatively made, as in this case, that at the time of the authorization of the wife the husband was absent, then the presumption that the judge knew of the absence, and hence validly authorized, undoubtedly obtains.

2. That a married woman may, with the authority of her husband, or in default, by the authority of the judge, legally contract, provided she do not bind herself for either debts of the community or those of her husband, is no longer a question. Hillings vs. West, 2 A. 1; 10 A. 433; Calhoun vs. Mechanics' and Traders' Bank, 30 A. 775. That the borrowing by a married woman of a sum of money, and the securing the payment of the amount by the mortgage of her separate property, the amount of the loan being by her used in establishing a son-in-law in business, does not come within the rule inhibiting a wife from binding herself or her property for debts of her husband or the community, is too obvious to require reasoning. The power of the wife to contract depending for its existence on the authority of the husband or the judge, we think it follows as an inevitable result that acts beyond the scope of the authority are unauthorized acts, and hence not binding. It may be true that the power to contract a loan imports power to stipulate interest, under the maxim *omne majus continet in se minus*, but where the law has put a limit on the rate of conventional interest, we

Hollingsworth vs. Spanier.

do not think the power to contract for interest can be by implication extended to authorize a greater rate than the maximum of conventional interest allowed by law. Grant that it be true that the limitation of conventional interest may be avoided by adding the interest to the principal, the rule would not hold good in a case where the adding of the interest would increase the principal obligation of a married woman above the amount authorized; at all events to the extent that the increased principal resulted from interest in excess of the highest conventional rate. To hold the converse, would be implying from the powers to borrow, authority, not to contract for an accessory and resulting obligation, but to exceed the authority, which would at once render imperative the deduction that no authority is necessary. The argument that a wife who contracts under authority is *sui juris,* and that as persons *sui juris* can increase the principal obligation as they please, therefore the wife can so do, is fallacious. The wife is only *sui juris* to the *extent of the authority.*

Applying these principles, we have the principal of the note $4165 56 instead of $4517 20. The note matured August 5th, 1872, and bore eight per cent interest from maturity. Crediting the payments as they were made, we reach the following statement:

| | | |
|---|---:|---:|
| Principal.............................................. | $4,165 | 56 |
| Paid August 5th, 1872................................... | 542 | 00 |
| Balance due........................................... | $3,623 | 56 |
| Interest on balance from August 5th, 1872, to January 15th, 1873.............................................. | 128 | 84 |
| Due January 15th, 1873............................... | $3,752 | 40 |
| Paid January 15th, 1873................................ | 2,500 | 00 |
| Balance due........................................... | $1,252 | 40 |
| Interest from January 15th, 1873, to November 18th, 1874.... | 184 | 52 |
| Due November 18th, 1874........................... | $1,436 | 92 |
| Paid November 18th, 1874.............................. | 1,000 | 00 |
| Balance due........................................... | $436 | 92 |
| Interest from November 18th, 1874, to December 15th, 1876. | 72 | 52 |
| Due December 15th, 1876............................ | $509 | 44 |
| Paid December 15th, 1876.............................. | 200 | 00 |
| Balance due December 15th, 1876, with eight per cent until paid.......................................... | $309 | 44 |

In making this computation we have fixed the date of the payments in January, 1873, and December, 1876, as having been made on the 15th, the exact date not being shown. We have also eliminated the sum

allowed by the plaintiff as interest on the $2500 from date of its payment to the time of the maturity of the note, thinking it the more correct rule to credit the payment at the time it was made.

It is therefore ordered that the judgment below be reversed; and it is now ordered that there be judgment in favor of the plaintiff, R. B. Hollingsworth, and against the defendant for three hundred and nine 44-100 dollars, with eight per cent interest per annum from December 15th, 1876, until paid; five per cent attorney's fees, as stipulated in the act of mortgage; the whole with recognition of special mortgage on the property described in the act of mortgage referred to in plaintiff's petition; costs of both courts to be borne by the defendant.